United States District Court
Southern District of Texas
**ENTERED**
May 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



SHELLEY SIMIEN AND JONATHON SIMIEN,

    *Plaintiffs*,

VS.

WALMART, INC., *et al.*,

    *Defendants*.

§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 4:25-CV-00352

## ORDER

Pending before this Court is Defendant Albaad USA, Inc.'s ("Albaad USA") Motion for Summary Judgment (Doc. No. 32), Defendant WALMART, INC.'s ("Walmart") Motion for Summary Judgment (Doc. No. 33), and Albaad USA's Motion to Strike Plaintiffs' Expert Testimony (Doc. No. 40). The Court is also in receipt of all responses and replies. (Doc. Nos. 38, 39, 41–43). After careful review of the filings, summary judgment evidence, and the relevant legal standards, this Court hereby **GRANTS** Albaad USA's Motion for Summary Judgment (Doc. No. 32) and **GRANTS** Walmart's Motion for Summary Judgment (Doc. No. 33) under the "innocent seller" rule in Chapter 82 of the Texas Civil Practice and Remedies Code.

### I.    Factual Background

This is a products liability case. On December 24, 2022, Plaintiff Shelley Simien ("Mrs. Simien") purchased Equate-brand tampons from a Walmart store. (Doc. No. 33-1 at 4). The Parties agree that this brand of tampons was sold and distributed by Albaad USA and Walmart and was manufactured and designed by Defendant Albaad Massuot Yitzhak, Ltd. ("Albaad Massuot") in Israel. *See, e.g.* (Doc. No. 1-2 at 15). After using several of the tampons during her menstrual cycle

without issue, Mrs. Simien claims that she experienced a problem with removing a tampon on the third day of her cycle. (Doc. No. 33-1 at 4–7). Mrs. Simien stated that as she was pulling the tampon out, "the string snapped" and "just came off the tampon." (*Id.* at 7, 10). Without the string to remove the tampon, Mrs. Simien stated that she had to use her "fingers to pull it out and it . . . had opened up and . . . unraveled." (*Id.* at 7). After she felt that she had removed the entire tampon, she put in another one and continued with her day. (*Id.*).

Soon thereafter, Mrs. Simien developed a fever, sore throat, and body aches. (Doc. No. 32-2 at 3). She visited the local emergency department, but she tested negative for common viruses and was soon discharged. (*Id.*). The next day, Mrs. Simien's condition worsened, and she developed a full body rash. (Doc. No. 38-1 at 19–26). She decided to go to the prescription-refill appointment that she had previously scheduled with her primary care physician. (*Id.*). When she arrived at that office, Mrs. Simien stated that the nurses could not find a pulse and called an ambulance. (*Id.*). Mrs. Simien was immediately placed into an intensive care unit, and she was diagnosed with Staphylococcal Toxic Shock Syndrome likely caused by her recent tampon use. (*Id.*) ("Clinical history is suggestive of staphylococcal toxic shock syndrome since patient recently started using tampons and was previously healthy."). There is limited evidence in the record about her condition when she was discharged from the hospital, but Mrs. Simien apparently recovered from the infection.

On December 26, 2024, Mrs. Simien and her husband (collectively, "the Simiens") filed this lawsuit in Harris County, Texas state court. (Doc. No. 1-2). Walmart timely removed the case to this Court on the basis of diversity jurisdiction. (Doc. No. 1). The Simiens brought strict products liability claims against Walmart, Albaad USA, and Albaad Massuot based upon claims of defective design, inadequate safety testing, manufacturing defect, failure to warn, breach of implied

2

warranty, and that it was an unreasonably dangerous product. (*Id.*). Mr. Simien also brought a separate loss of consortium claim against the Defendants. (*Id.*). While the Simiens never served Albaad Massuot with this lawsuit, the Simiens contend that Walmart and Albaad USA are liable as downstream sellers because this Court lacks jurisdiction over Albaad Massuot, which is located in Israel. (Doc. No. 1-2 at 15) ("Plaintiff will be unable to secure jurisdiction over the manufacturer, Albaad Massuot Yitzhak Ltd., due to its foreign location. Defendants Walmart Inc. and Albaad USA, Inc. are based in the United States and were involved in the distribution and sale of the Equate tampons . . . ."). Walmart and Albaad USA have filed Motions for Summary Judgment, (Doc. Nos. 32, 33), arguing that the case should be dismissed because Walmart and Albaad USA are protected as "innocent sellers" under Chapter 82 of the Texas Civil Practice and Remedies Code. The Court addresses the Motions below.

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

3

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III.    Analysis

Walmart and Albaad USA contend that they are entitled to summary judgment because of the "innocent seller" rule under Chapter 82 of the Texas Civil Practice and Remedies Code.[1] Though the First Amended Complaint is not the "model of clarity," *Harvey v. Montiel*, No. 25-40127, 2026 WL 483286, at *1 (5th Cir. Feb. 20, 2026), the Court finds that the Simiens brought several "strict product liability" claims against the Defendants based on the "defective design," "inadequate safety testing," "manufacturing defect," "marketing defect/failure to warn," "breach of implied warranty," "unreasonably dangerous product," "stream of commerce," and a "loss of consortium" claim that is derivative of the products liability claims. (Doc. No. 1-2). Each of these claims are listed under the "strict product liability" heading. (*Id.*). To the extent that each of these claims are pled as separate causes of action, the Court interprets these claims as strict product liability claims, and accordingly, these claims are governed by state tort law. *Gilmore v. Shanghai Xiaoxu Int'l Trade Co., Ltd.*, No. 4:24-CV-00275, 2025 WL 2844765, at *2 (E.D. Tex. Oct. 7, 2025). The Parties agree that Chapter 82 of the Texas Civil Practice and Remedies Code governs these product liability claims. (Doc. Nos. 32 at 14, 33 at 4, 38 at 12).

---

[1] Walmart and Albaad USA raised other arguments in the Motions for Summary Judgment, but the Court need not reach those issues.

4

Section 82.003 of the Texas Civil Practice and Remedies Code provides the well-established general rule that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" at least one of seven enumerated exceptions. One of those exceptions is that a non-manufacturing seller may be held liable if "the manufacturer of the product is . . . not subject to the jurisdiction of the court." Tex. Civ. Prac. & Rem. Code § 82.003(a)(7)(B). Section 82.003(c) provides the procedural mechanism to apply this exception:

> If after service on a nonresident manufacturer through the secretary of state in the manner prescribed by Subchapter C, Chapter 17, the manufacturer fails to answer or otherwise make an appearance in the time required by law, it is conclusively presumed for the purposes of Subsection (a)(7)(B) that the manufacturer is not subject to the jurisdiction of the court unless the seller is able to secure personal jurisdiction over the manufacturer in the action.

"Instead of using that procedural mechanism, claimants can take on the more burdensome task of 'proving the negative;' that is, they can attempt to prove that the manufacturer's contact with the state is insufficient for a court to exercise personal jurisdiction over it." *Canter v. Big Lots Stores, Inc.*, No. 3:13-CV-856, 2014 WL 12531157, at *2 (N.D. Tex. Feb. 21, 2014).

The Simiens allege that the above-quoted exception to the "innocent seller" rule applies squarely to this case because the manufacturer, Albaad Massuot, is not subject to the jurisdiction of this Court. Given that the Simiens admit that Walmart and Albaad USA were only downstream, non-manufacturing sellers of the tampons, (Doc. No. 1-2 at 15), the Simiens rely on the jurisdiction exception in § 82.003(a)(7)(B) to overcome the "innocent seller" rule. The burden is solely on the Simiens to demonstrate that the Court lacks jurisdiction over Albaad Massuot. *Dhaliwal v. Vanguard Pharm. Mach., Inc.*, No. 4:08-CV-2452, 2009 WL 5195976, at *2 (S.D. Tex. Dec. 22, 2009) ("The burden rests with the claimant, and not the defendant, to prove the manufacturer is not subject to the jurisdiction of the court.").

5

As outlined above, the Simiens could either establish the "conclusive presumption" that Albaad Massuot is not subject to the jurisdiction of this Court under § 82.003(c) or "prove the negative" that this Court cannot exercise personal jurisdiction over Albaad Massuot. Section 82.003(c) establishes a conclusive presumption that the manufacturer is not subject to jurisdiction if, and only if, "after service . . . through the secretary of state," "the manufacturer fails to answer or otherwise make an appearance." There is no evidence that the Simiens attempted to effectuate service on Albaad Massuot through the Texas Secretary of State or by any other means, such as the Hague Convention, and therefore, this section is inapplicable to this case.[2]

Without any showing that the Simiens attempted to serve Albaad Massuot, the Simiens are only left with "proving the negative" that Albaad Massuot lacks sufficient contacts with this jurisdiction for this Court to exercise jurisdiction over it. *Canter*, 2014 WL 12531157, at *2 (explaining that when § 82.003(c) is inapplicable, the claimant bears the burden of "proving the negative"). A nonresident manufacturer, like Albaad Massuot, is subject to the jurisdiction of a Texas court if it can be properly served and has established minimum contacts with Texas such that the "exercise of jurisdiction comports with traditional notions of fair play and substantial justice." *Moreno v. Allison Med., Inc.*, No. 3:20-CV-300, 2022 WL 3702061, at *3 (S.D. Tex. Aug. 9, 2022, *adopted by*, 2022 WL 3703858 (S.D. Tex. Aug. 26, 2022) (quoting *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). The Simiens contend that "there is at least a genuine issue of fact as to whether . . . Albaad Massuot is subject to the jurisdiction of this Court" because Albaad Massuot is located in Israel. (Doc. No. 38 at 13).

---

[2] In fact, the Simiens admit that there was no attempt to invoke the statutory presumption under § 82.003(c). (Doc. No. 38 at 15) ("Because Plaintiffs cannot invoke the statutory presumption tied to that service provision, Plaintiffs must instead rely on evidence addressing jurisdiction directly.").

To support their position, the Simiens provided filings in an unrelated case in a different jurisdiction. In 2023, Albaad Massuot filed a Motion to Dismiss for lack of personal jurisdiction in the United States Bankruptcy Court for the District of Arizona. *GPMI, Co. v. Albaad USA, Inc.*, No. 2:22-BK-150 (Bankr. D. Ariz. Apr. 7, 2023) (Doc. No. 17). The Motion to Dismiss contained a sworn declaration by the Chairman of the Board of Directors of Albaad Massuot, Michael Lazer. *Id.* (Doc. No. 17-2). Lazer stated that Albaad Massuot "has never maintained any offices in the United States," "manufactures sanitary products in Europe," and "does not distribute[] products to retailers in the United States." *Id.* Lazer stated that Albaad Massuot owns Albaad USA, but that Albaad USA "services its own contracts for production and distribution of products in the United States." *Id.* The Simiens request this Court to take judicial notice of these statements as evidence that Albaad Massuot lacks sufficient contacts with this Court.

While the Court takes judicial notice that this Motion to Dismiss and the declaration were filed in a different court and in a totally unrelated case, the Court cannot take judicial notice of the facts outlined in the sworn declaration as being true for the purpose of summary judgment evidence. *See* FED. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute."); *Payne v. City of Houston*, 2025 WL 999085, at *2 ("[T]he district court may take judicial notice of public records, though it may not take judicial notice of 'adjudicative facts' subject to reasonable dispute."). Therefore, the Court does not accept the representations related to Albaad Massuot's contacts (or lack thereof) with the United States as admissible summary judgment evidence in this case. Even assuming, *arguendo*, that the Court could judicially notice these facts, the United States Bankruptcy Court for the District of Arizona denied the Motion to Dismiss and held that there was a sufficient initial showing that the court could, in fact, exercise specific personal jurisdiction over Albaad Massuot "due to the continuous blurring of Albaad

7

[Massuot] and Albaad USA into a singular entity" and the distribution of products in Arizona. *GPMI, Co. v. Albaad USA, Inc.*, No. 2:22-BK-150 (Bankr. D. Ariz. Apr. 7, 2023) (Doc. No. 56 at 6). Not only did the Simiens make no attempt to serve Albaad Massuot, but they also made no attempt to demonstrate to this Court why the very contacts that were offered in the Arizona court would not lead this Court to the same conclusion reached in Arizona—that Albaad Massuot is subject to jurisdiction.

The Simiens only provided this Court with the filings in the unrelated Arizona bankruptcy proceeding to attempt to demonstrate that *this* Court does not have jurisdiction over Albaad Massuot. Given that the Court does not accept "facts" allegedly presented before a separate court in an unrelated case as admissible summary judgment evidence (especially since the Arizona court found, based on the "facts" at the motion to dismiss stage, that jurisdiction did exist), the Simiens are left without any competent judgment evidence to create a genuine dispute of material fact that Albaad Massuot is not subject to this Court's jurisdiction. Without any evidence, the Simiens did not meet their burden to prove that the exception to the "innocent seller" rule in § 82.003(a)(B)(7) applies to this case. *Compare Moreno*, 2022 WL 3702061, at *4 (granting summary judgment for the sellers because claimants did not provide any evidence that the court could not exercise jurisdiction over the manufacturer), *with Dhaliwal*, 2009 WL 5195976, at *3 (explaining that the claimants provided documents to show that the manufacturer was not registered to do business in the state, did not specifically market products in the state, and that none of the labels or packaging was related to the manufacturer), *and Canter*, 2014 WL 1251157, at *3 (explaining that the claimants provided records that the manufacturer was not registered with the state, does not maintain a registered agent for services in the state, and does not have an office, employees, or property in the state).

8

Walmart and Albaad USA are unquestionably non-manufacturing sellers for the purposes of the "innocent seller" rule in § 82.003(a). There is no genuine dispute of material fact that the "innocent seller" rule applies in this case, and as such, Walmart and Albaad USA are shielded from liability in this lawsuit. The Motions to Dismiss (Doc. Nos. 32, 33) are **GRANTED.**

## IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Walmart's Motion for Summary Judgment (Doc. No. 32) and **GRANTS** Albaad USA's Motion for Summary Judgment (Doc. No. 33). The claims against Walmart and Albaad USA are hereby dismissed with prejudice. Additionally, the claims against Albaad Massuot are dismissed without prejudice for the failure to serve. This case has been pending for over 500 days, and the Simiens have not even attempted to effectuate service on Albaad Massuot. All other pending motions are denied as moot.

It is so ordered.

Signed on this the ___14___ day of May 2026.

Andrew S. Hanen
United States District Judge

9